# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

NCMIC Insurance Company,

                Plaintiff,

                                  Civ. No. 09-1999 (RHK/FLN)
                                  **MEMORANDUM OPINION**
                                  **AND ORDER**

v.

Rekik Endeshaw, Jay Y. Cherner, D.C., and
ChiroMed Clinic, P.A.,

                Defendants.

Robert E. Kuderer, Johnson & Condon, P.A., Minneapolis, Minnesota, for Plaintiff.

Mark W. Gehan, Sarah J. McEllistrem, Collins, Buckley, Sauntry & Haugh, P.L.L.P., St. Paul, Minnesota, for Defendants Jay Y. Cherner, D.C. and ChiroMed Clinic, P.A.

      In this insurance-coverage dispute, Plaintiff NCMIC Insurance Company ("NCMIC") has sued Rekik Endeshaw, Jay Y. Cherner, D.C., and ChiroMed Clinic, P.A. ("ChiroMed"), seeking a declaration that it owed no duty to defend or indemnify Cherner or ChiroMed in connection with a lawsuit commenced against them in state court by Endeshaw. ChiroMed counterclaimed against NCMIC, asserting that the insurer breached its duty to defend. NCMIC now moves for summary judgment on that counterclaim. For the reasons set forth below, the Court will grant the Motion.

## BACKGROUND

Cherner, a chiropractor, is a named insured under a professional-liability insurance policy (the "Policy") issued by NCMIC. (McEllistrem Aff. Ex. 3.) The Policy provides coverage for "damages" that an "insured" becomes obligated to pay "because of an injury . . . caused by an accident . . . during the policy period." (Id. at 3.) The Policy contains several exclusions from coverage, including *inter alia* any claims "arising out of, based upon, or attributable to" intentional infliction of injury, violation of federal or state law, or "[s]exual impropriety, sexual intimacy, sexual assault, sexual harassment or any other similarly defined act." (Id. at 4-5.)

On August 11, 2008, Endeshaw commenced an action against Cherner and his company, ChiroMed, in Hennepin County District Court. (Id. Ex. 1.) She alleged that she had suffered injuries in a car accident on September 11, 2006, and went to ChiroMed for treatment. (Id. ¶ 4.) She further alleged that Cherner, in the scope of his employment by ChiroMed, "coerc[ed] [her] to strip naked before him" and "touch[ed] [her] private parts" without her consent or permission. (Id. ¶¶ 8, 10, 12.) As a result of such conduct, she alleged claims against Cherner for assault and battery, intentional invasion of privacy, and negligent and intentional infliction of emotional distress. She also asserted that ChiroMed was responsible for Cherner's conduct "pursuant to the Doctrine of Respondeat Superior" and/or because it "negligently hired, supervised and trained its employee and/or shareholder, Dr. Jay Y. Cherner." (Id. ¶¶ 14-15.)

NCMIC tendered a defense to Cherner in the underlying action, with a reservation

of rights. However, it refused to defend ChiroMed for several reasons, including that it was not a named insured under the Policy and that the allegations fell outside the scope of the Policy's coverage. (Cherner Aff. Ex. I.) It later commenced the instant action, seeking a declaration that it was not obligated to defend Cherner or ChiroMed in connection with the underlying lawsuit. ChiroMed counterclaimed, arguing that NCMIC breached its duty to defend.

The underlying litigation later was dismissed with prejudice (for unexplained reasons), thereby rendering NCMIC's claims in this case moot.[1] ChiroMed continues to press its counterclaim, however, as to which NCMIC now seeks summary judgment.

## STANDARD OF DECISION

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed. <u>Id.</u> at 322; <u>Mems v. City of St. Paul, Dep't of Fire & Safety Servs.</u>, 224 F.3d 735, 738 (8th Cir. 2000). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. <u>Graves v. Ark. Dep't of Fin. & Admin.</u>, 229 F.3d 721, 723 (8th Cir. 2000); <u>Calvit v. Minneapolis Pub. Schs.</u>, 122 F.3d 1112, 1116 (8th Cir.

---

[1] No stipulation of dismissal of NCMIC's claims has been filed. Nevertheless, because the parties agree those claims are moot, the Court will dismiss them.

1997). The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**ANALYSIS**

NCMIC makes several arguments in support of its Motion, including *inter alia* that ChiroMed was not an "insured" under the Policy and that Endeshaw's claims fell within the Policy's "intentional-act" exclusion. While these arguments appear to have merit, the Court grants the Motion because it agrees with a different assertion: Endeshaw's claims fell within the Policy's "sexual-impropriety" exclusion.

Under Minnesota law,[2] it is well settled that an insurer owes a duty to defend if the claims asserted against an insured are "arguably within the scope of coverage" provided by an insurance policy. E.g., Prahm v. Rupp Constr. Co., 277 N.W.2d 389, 390 (Minn. 1979). The duty to defend "is distinct from and broader in scope than the duty to indemnify." Franklin v. W. Nat'l Mut. Ins. Co., 574 N.W.2d 405, 406 (Minn. 1998). Whether a duty to defend exists is determined by comparing the claims asserted against the insured with the policy at issue. E.g., Ross v. Briggs & Morgan, 540 N.W.2d 843, 847 (Minn. 1995); Garvis v. Emp'rs Mut. Cas. Co., 497 N.W.2d 254, 256 (Minn. 1993). Only if a claim is "*clearly* outside coverage" will such a duty not arise. Prahm, 277

---

[2] The parties agree that this action is governed by Minnesota law.

N.W.2d at 390 (emphasis added).  Stated differently, "[a]n insurer seeking to escape the duty to defend bears the burden of establishing that all parts of a cause of action clearly fall outside the scope of coverage."  Franklin, 574 N.W.2d at 407.  This is a legal determination for the Court.  Id. at 406.

Here, as noted above, the Policy expressly excludes coverage for any claims "arising out of, based upon, or attributable to" various forms of sexual misconduct, including "[s]exual impropriety, sexual intimacy, sexual assault, sexual harassment or any other similarly defined act."  That was precisely the basis for Endeshaw's claims in the underlying litigation – she asserted that she suffered damages because Cherner "coerc[ed] [her] to strip naked before him" and "touch[ed] [her] private parts" without her consent or permission.  Therefore, the Court has little trouble concluding that all of the claims asserted by Endeshaw in the underlying litigation clearly fell outside the scope of the Policy's coverage.

ChiroMed offers no persuasive argument to the contrary.  The best it can muster is that "the Complaint [in the underlying action] repeatedly refers to negligence and negligent acts by Defendants Cherner and ChiroMed.  In fact, the **only** claim directly raised against ChiroMed was that it **negligently** hired, retained, and supervised Cherner." (Mem. in Opp'n at 13 (emphases in original).)  While that may be true, it is also irrelevant.  In order for Endeshaw to have recovered for ChiroMed's "negligence" – whether negligent hiring, negligent retention, or negligent supervision – in the underlying litigation, she would have had to prove that such negligence caused her damages.  E.g.,

Foss v. Kincade, 766 N.W.2d 317, 320 (Minn. 2009) (negligence requires proof of causation); M.L. v. Magnuson, 531 N.W.2d 849, 856 & n.3 (Minn. Ct. App. 1995) (negligent hiring, negligent retention, and negligent supervision all require evidence of causation). But the only way in which the so-called negligence of ChiroMed manifested itself – that is, the only way the negligence allegedly caused injuries to Endeshaw – was through Cherner's sexually inappropriate conduct. That Endeshaw asserted claims against ChiroMed sounding in negligence, therefore, is of no moment. Her claims necessarily relied upon sexually inappropriate conduct by Cherner, and hence they fell squarely within the Policy's exclusion for claims that "arose out of" or were "attributable to" his "sexual impropriety."

ChiroMed also points out that Endeshaw's allegations "arose out of the course of [her] treatment" by Cherner. (Mem. in Opp'n at 13.) But that fact does not alter the Court's analysis. What matters is that Endeshaw alleged Cherner acted in a sexually inappropriate way *while providing* treatment to her. And the Policy clearly excludes coverage for such conduct.

ChiroMed also argues that NCMIC breached its duty to defend because it failed to conduct an investigation into Endeshaw's allegations before denying coverage. (Id. at 14-16.) According to ChiroMed, such an investigation would have revealed that "the allegations were not of a sexual nature, but rather a proper and necessary examination based on [Endeshaw's] stated injuries." (Id. at 15.) Of course, that assertion is belied by the very nature of Endeshaw's claims, as well as her deposition testimony, in which she

testified that Cherner touched her not for therapeutic reasons, but rather for sexual gratification. (Endeshaw Dep. Tr. at 70.)

Regardless, the existence of the duty to defend does not turn on Cherner's professed innocence – that is, his *defense* in the underlying litigation. Rather, it is determined by comparing the claims asserted by Endeshaw in her lawsuit with the Policy's terms. E.g., Ross, 540 N.W.2d at 847. The *merit* of those claims – which necessarily implicates the validity of Cherner's "I didn't do it" defense – is wholly irrelevant to this determination. Agric. Ins. Co. v. Focus Homes, Inc., 212 F.3d 407, 410 (8th Cir. 2000) (applying Minnesota law); Amco Ins. Co. v. Inspired Techs., Inc., 692 F. Supp. 2d 1060, 1068 (D. Minn. 2010) (Tunheim, J.) ("[T]he merits of [the defendant's] potential defenses to [the] claims [in the underlying litigation] are irrelevant to the Court's analysis."). Simply put, it does not matter if NCMIC had investigated Endeshaw's claims and found them lacking; the claims still would not implicate any Policy coverage.[3]

## CONCLUSION

Where an insurer "establish[es] that all parts of a cause of action clearly fall outside the scope of coverage," no duty to defend arises. Franklin, 574 N.W.2d at 407. That is the case here. Accordingly, the Court determines that NCMIC owed ChiroMed no duty to defend as a matter of law and, hence, its Motion will be granted.

---

[3] Carried to its logical conclusion, ChiroMed's argument would mean that insurers could rarely, if ever, decline to defend an insured. It is the rare defendant indeed who admits the truth of a plaintiff's allegations in a lawsuit. An insurer cannot be "on the hook," so to speak, for an insured's defense simply because the insured contests the plaintiff's claims, with or without evidentiary support. Such a rule would turn the duty to defend on its head.

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1. The claims in Plaintiff's Complaint (Doc. No. 1) are **DISMISSED WITH PREJUDICE** as moot;

2. Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **GRANTED** and ChiroMed's Counterclaim (Doc. No. 2) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: August 24, 2010

s/Richard H. Kyle
RICHARD H. KYLE
United States District Judge